UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Anthony Devine,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Travis Williams, Individually,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>Case No. 0:14-cv-02978 (ADM/HB)<br><br>**JURY TRIAL REQUESTED** |

## I.　　PRELIMINARY STATEMENT

1. Mark Anthony Devine was on his knees fully complying with police commands, when Minneapolis Police Officer Travis Williams walked up to Devine and struck him in the head with an object with such force that Devine was knocked to the ground, thereafter lying motionless in a snow bank.  Mr. Devine was at all times fully compliant with the officer's commands and did nothing to resist or obstruct the officer. Nonetheless, Officer Williams used unreasonable and completely unnecessary force against him.

2. Plaintiff now commences this action against the above Defendant for violation of his rights under the United States Constitution including his Fourth Amendment right not to be subject to unreasonable force or unreasonable seizure. Plaintiff's claims against the individual Defendant are grounded in 42 U.S.C. § 1983.

3. Plaintiff demands that this action be tried to a jury.

## II.   PARTIES

4. Plaintiff Mark Anthony Devine is an individual residing in the City of Minneapolis, County of Hennepin, State of Minnesota.

5. Defendant Travis Williams, at all times relevant hereto, was a Minneapolis police officer acting within the course and scope of his employment and under color of law.

## III.   JURISDICTION

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and 1367 (a) and the aforementioned statutory and constitutional provisions.

## IV.   FACTS

7. On January 13, 2014, at approximately 22:49 hours, Mark Devine was a passenger in an automobile driven by Bernard Miles which was traveling eastbound on 33rd Avenue North in the City of Minneapolis, County of Hennepin and State of Minnesota.

8. On said date at said time, defendant Travis Williams was on duty as a police officer with the Minneapolis Police Department on routine patrol along with his partner, Minneapolis police officer Daniel Ledman.

9. On this date at this time, Williams and Ledman observed Miles' vehicle in the area of 33rd Avenue North and Dupont Avenue North in Minneapolis.

10. The officers thereafter affected a traffic stop of the vehicle as they observed the vehicle had no front license plate and as they believed Miles was operating the motor vehicle after having his driving privileges in the State of Minnesota revoked.

11. Once the vehicle was pulled over, Officer Ledman, who was driving the squad car, parked the squad car a short distance behind Miles' vehicle. The squad car's video recording system was then operational and recorded some of the ensuing events.

12. Officer Ledman approached the driver's side of the vehicle and spoke with the driver, Miles. Ledman asked Miles questions related to the stop amongst other things. Mark Devine at this time was seated in the front passenger seat of Miles' vehicle.

13. Defendant Williams, who was the passenger in the squad car, approached the Miles' vehicle on the passenger side and began asking questions of Mark Devine including who he was.

14. A short time thereafter, Officer Ledman ordered Miles out of the vehicle and Miles complied.

15. While Ledman was talking to Miles on the driver's side of Miles vehicle, defendant Williams walked from the passenger side of the vehicle to the driver's side to assist Ledman.

16. A short time thereafter, Miles attempted to run away on foot and a physical scuffle ensued between Miles and Officers Williams and Ledman.

17. Mark Devine remained seated in the Miles vehicle at this time. After remaining seated for a short while, Devine got out of the car on the passenger side and walked over to the driver's side of the vehicle.

18. At about this time, the physical altercation between Williams, Ledman and Miles continued.

19. At no time did Mark Devine ever intervene or attempt to intervene or interfere in the altercation between Miles and the officers in any way. To the contrary, Devine purposefully and deliberately stayed out of the altercation.

20. Devine remained in the area of the vehicles for a short while, then walked down the sidewalk putting himself further away from the altercation that was still going on between Miles and officers Williams and Ledman.

21. After several seconds later, Mark Devine jogged back towards the vehicles.

22. At a point when Mr. Devine was near the Miles' vehicle, defendant Williams ordered him to "put his hands behind his fucking back."

23. Mark Devine immediately complied by getting down on his knees and putting his hands and arms behind his back.

24. Defendant Williams then walked up to Mark Devine and, though Devine was doing nothing more than remaining on his knees with his arms and hands behind his back as ordered, struck Devine on the left side of the head with an object causing Devine to fall to the ground where he lay motionless.

25. Williams then placed Devine in handcuffs and brought him over to a squad car.

26. Given the totality of the then existing circumstances, the use of force by defendant Williams against plaintiff Devine was unreasonable and unnecessary.

27. After defendant Williams' unreasonable and unnecessary use of force against Mark Devine, Williams proceeded to lie in official police reports and in his testimony under

oath concerning the incident in an attempt to justify his unreasonable and unnecessary use of force by, among other things, stating that Mark Devine ignored his verbal directives to put his hands behind his back.

28. Mark Anthony Devine's right to be free from being subject to unreasonable force was clearly established as of the date and time of the incident and, given the totality of the then existing circumstances, including the fact that Mark Devine was fully compliant on his knees with his arms and hands behind his back, no reasonable police officer would believe it would be lawful to strike Devine in the head

29. As a result of the unreasonable and unnecessary use of force, plaintiff Mark Anthony Devine suffered injury including lacerations to the left side of his face that have resulted in scarring, partial hearing loss, headaches, recurring nightmares, and other injury.  As a result, Mark Anthony Devine has in the past and will in the future incur medical or hospital expenses necessary for the care and treatment of his injuries; as a result, he has in the past and will in the future suffer great pain, disability, embarrassment and emotional distress.  Therefore, plaintiff Mark Anthony Devine has been damaged in an amount greater than Fifty Thousand and no/100 ($50,000) Dollars.

## V.    CLAIMS FOR RELIEF

*Count 1. 42 U.S.C. § 1983: Unreasonable Use of Force in Violation of the Fourth Amendment.*

30. Plaintiff re-alleges the above allegations as if here and after set forth in full and further states and alleges as follows.

31. Defendant Williams used force that was unreasonable in light of the then existing circumstances as judged from the perspective of a reasonable police officer at the scene when he, among other things, struck plaintiff in the head with an object when plaintiff was on his knees with his hands behind his back as ordered, thereby depriving Mark Anthony Devine of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable force in violation of 42 U.S.C. § 1983.

32. Such conduct of defendant Williams was objectively unreasonable and the unlawfulness of such actions was apparent in light of the then clearly established law.

33. As a result of the actions of the defendant Williams, plaintiff sustained injuries and incurred damages as set forth in paragraph 29 above.

*Count II Punitive Damages under Federal Law.*

34. Plaintiff repeats and re-alleges paragraphs 1-33 above as though fully set forth herein.

35. All of the afore mentioned acts, errors and omissions of defendant Williams were committed in bad faith and with reckless disregard for the rights and safety of Mark Anthony Devine as well as other citizens so as to subject said defendant to punitive damages pursuant to the statutes and common law of the United States of America.

### VI.     PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this Court grant him relief as follows:

1. Awarding judgment in favor of Mark Anthony Devine against defendant Travis Williams in an amount greater than $50,000.00 as and for compensatory damages.

2. Awarding judgment in favor of Mark Anthony Devine against defendant Travis Williams in an amount greater than $50,000.00 as and for punitive damages pursuant to 42 U.S.C. § 1983.

3. Awarding plaintiff Mark Anthony Devine his reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4. Awarding plaintiff his reasonable costs and disbursements incurred herein.

5. For such other and further relief as to the Court is just and equitable.

GOETZ & ECKLAND P.A.


By:__s/*Frederick J. Goetz*_____
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552

ATTORNEY FOR PLAINTIFF